## LEFLER *v.* FORSBERG.

MECHANICS' LIENS ; NOTICES OF LIEN ; BILLS IN EQUITY, NECESSARY
PARTIES TO.

1. One of the main objects of the Mechanics' Lien Law, is to furnish all interested in property subject to a lien, record notice of the extent of the claim and the intention to enforce a specific lien therefor ; and a notice of lien made out against the person who was owner of the property at the time the right to assert the claim accrued, is a substantial compliance with the provisions of the law in this respect.
2. An electric passenger elevator is both an *engine* and a *machine*, within the meaning of that provision of the Mechanics' Lien Law, subjecting a building to a lien " for any engine, machinery," &c., placed in such building.
3. S., the owner of a building, contracted with F. & M. to place therein a passenger elevator. Subsequently, S. sold the property to L., and the elevator remaining unpaid for, F. & S. filed a notice of their intention to assert a lien against the property. L. thereupon filed an undertaking, as provided by the Mechanics' Lien Law, for the release of the property from the lien claimed, with himself as principal and three others as sureties. A bill was filed by F. & M. against L. and the sureties to enforce the lien, praying for a personal decree against the defendants. Error being assigned that S. was a necessary party to the bill, *Held :* That S. was not a necessary party, no process or decree against him being prayed for, and it not being shown that he was bound by covenant in his deed against incumbrances, or that he was in any way interested in the property.

No. 34.   Submitted May 26, 1893.—Decided September 5, 1893.

HEARING on appeal from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill filed to enforce a mechanics' lien.   *Affirmed.*

STATEMENT of the case by the CHIEF JUSTICE :

In this case the bill was filed by the complainants Forsberg and Murray under the act of Congress, approved July 2d, 1884 (23 Stats., 64), to enforce a mechanic's lien. The title of the act is "An act to amend Chap. 20 of the Revised Statutes relating to the District of Columbia, concerning

mechanics' liens." But inasmuch as the entire ground covered by the chapter of the Revised Statutes referred to, is covered by the subsequent statute of 1884, the former statutory provisions are, to a large extent, if not entirely, superseded and repealed by this later act of Congress of 1884, Ch. 143.

The contract set up in the bill is alleged to have been made by the plaintiff with one Jesse Shreeve, by or through his duly authorized agent, H. B. Moulton, for the construction of an electric passenger elevator in a certain building in the city of Washington, then owned by the said Jesse Shreeve. Subsequent to the date of the contract, Shreeve disposed of his interest in the property, and the defendant Christopher C. Lefler became the owner thereof; and as such owner he joined with Shreeve in an agreement with the plaintiffs to extend the time for the completion of the work from Sept. 3d to Oct. 24th, 1890; and after the work was completed and accepted, and after the notice of the lien filed, under the statute, to wit, on the 19th of January, 1891, Lefler, as owner and principal, filed in the clerk's office, an undertaking in the usual form, as provided by the statute, section 11, for the release of the property from the lien claimed; in which undertaking the defendants, Samuel Ross, H. B. Moulton and George I. Bond, were sureties. The undertaking was duly approved by the court, and it was filed before the present suit was instituted. All the parties in interest, including the sureties in the undertaking, were parties to the suit. Shreeve was not made such party, and no decree was sought against him.

The bill prayed, 1st, that a lien be declared as against the property for the amount due; 2d, that a personal decree be rendered against the defendants, Lefler, Ross, Moulton and Bond, the parties bound by the undertaking, for the amount due, with interest and costs; 3d, that the property be sold for the satisfaction of the lien claim; and, 4th, that the plaintiffs should have such further and other relief as the case might require.

The defendants answered and set up various defenses—among others, that the plaintiffs were not entitled to a lien; that the notice of claim was not sufficient under the statute; and that Shreeve was a necessary party, and had been omitted.

Proof was taken, and the plaintiff's claim appears to have been fully established. The court below, on Dec. 12, 1891, passed a decree *in personam* against Lefler, Ross, Moulton and Bond, principal and sureties in the undertaking, for the amount claimed by the plaintiffs, with interest from Oct. 24th, 1890, and costs of suit. It is from that decree that this appeal was taken.

*Mr. Andrew B. Duvall* for the appellants:

1. The notice of intention to hold mechanic's lien was filed against Lefler alone, "for labor upon and materials (electric passenger elevator) furnished for the construction of said building under and by virtue of a contract with Jesse Shreeve, *the former owner* of said described premises." The notice should have been against Shreeve alone; or against both Shreeve and Lefler. It must show that the claim was within the law. Under the statute, such articles (if the subject of lien) are so not because they are "labor or materials furnished for the construction" of the building. This notice does not show that the contract was with Jesse Shreeve when he was the owner of the premises: *non constat* but that Shreeve, the "former owner," was not the owner when he made the contract. The statute gives the lien against "the lot or lots of ground of the owner," and against the building erected "by the owner," and not the "former owner." The notice is the main element of jurisdiction; strict compliance must be shown with all the prerequisites of the statute, especially as against *bona fide* purchasers. No averment can be dispensed with which the statute makes necessary. *Davis* v. *Alvord*, 94 U. S., 549; Phillips Mechanic's Liens, 32, 567; Kneeland Mechanic's Liens, 202. A defective notice cannot be aided by the complaint. *Ber-*

*thelet* v. *Parker*, 43 Wis., 551. It is incumbent on the mechanic or material man to bring himself within the statute, and to show title *affirmatively on the face of the registry*, and not for his antagonists to show the reverse. *Barclay's Appeal*, 13 Pa., 495. That it subsequently appeared in the case that Shreeve was the owner when he made the contract cannot cure this defect in the notice. Upon a compliance with the law, and upon no other condition is a lien given. *Hooper* v. *Flood*, 54 Cal., 218, 223 ; *Reindollar* v. *Flickinger*, 59 Md., 473 ; *Kelly* v. *Laws*, 109 Mass., 395.

2. The statute does not give a lien for an " elevator." It is neither " engine " nor " machinery ": and the words " or other thing placed in said building or connected therewith so as to become a fixture " are only *ejusdem generis*.

3. The bill avers that said Shreeve made the contract with complainants for the construction of said elevator, and that he was at the time the owner of the premises; that since the elevator was completed the defendant Lefler became the owner. The record thus presents the case of land liable to be charged with a secret lien, under a statute which requires that the contract shall be made with the owner, and that in the proceedings to enforce such lien all persons who are interested in the premises shall be made parties. An action to enforce a mechanic's lien is not a proceeding *in rem ;* it must be commenced against a defendant by name, and can only arise by virtue of a contract with the owner of the land or his agent. *Redman* v. *Williamson*, 2 Iowa, 487. Under a lien statute which requires all parties in interest to be before the court, the assignors of the contract are proper, if not necessary parties. *Pairo* v. *Bethell*, 75 Va., 825. Shreeve should have been a party to the bill to enforce the lien. Lefler, the vendee of Shreeve, was entitled to his aid. His defense is Lefler's defense. He may be liable over to Lefler. Under the circumstances of this case Shreeve was an indispensable party. *Robertson* v. *Carson*, 19 Wall., 105. Some of the authorities hold that Lefler, who was made party defendant, was not a necessary party to the suit. *Colley* v. *Doughty*, 62 Me., 501 ; *Schaeffle* v. *Lohman*, 34 Mo., 68.

*Mr. E. A. Newman* and *Mr. Julius A. Maedel* for the appellees.

The CHIEF JUSTICE delivered the opinion of the Court:

The appellants have assigned three grounds of error in the decree: First, that the notice of intention to claim the lien did not conform to the requirements of the statute; that the claim should have been made out against the former owner of the property with whom the contract was made; and not against the subsequent purchaser thereof, and therefore the recorded notice of the lien was defective. Second, that the statute gives no right to a lien for the construction of an electric elevator in a building; and, Third, that Shreeve should have been made a party defendant to the suit.

1. With respect to the first alleged ground of error, we think it is clear that it is not well founded. If the claim for lien had been filed and notice given under the law as it existed prior to the act of Congress of the 2d of July, 1884, Ch. 143, there would have been strong color for the contention of the appellants. For, by Section 696 of the Revised Statutes relating to the District of Columbia, it was provided that the lien should cease at the end of one year after the completion of the building, etc., unless before that time an action was commenced by the party claiming to enforce such lien, " against the owner *with whom or with whose agent the contract was made.*" This provision, construed in connection with the preceding Section 693 of the Revised Statutes, would seem to have required that the claim and notice should have been made and directed against the original owner with whom the contract was made. But this provision of the Revised Statutes is no longer in force, and it has been superseded by quite a different provision in the act of Congress of 1884. By this latter act it is provided " that every building hereafter erected or repaired by the owner or his agent in the District of Columbia, &c., shall be subject to a lien in favor of the contractor, &c., for the payment for work or materials contracted for or furnished for or

about the erection, construction or repair of such building, and also for any engine, machinery, or other thing placed in such building or connected therewith so as to be a fixture: *Provided*, that the person claiming the lien shall file the notice prescribed in the second section of this act." And by the second section of the act it is provided, " that any person wishing to avail himself of the provisions of this act, &c., shall file in the clerk's office during the construction, or within three months after the completion of such building or repairs, or the placing therein or adjacent thereto of any engine, machinery or other thing as aforesaid, *a notice of his intention to hold a lien upon the property declared by this act liable to such lien* for the amount due or to become due to him, specifically setting forth the amount claimed."

As will be observed, the act of 1884, Ch. 143, does not specially require the notice to be filed or the proceeding taken against the owner of the premises who made the contract for the work or materials supplied; but simply requires of the claimant a notice of his intention to hold a lien upon the property for the amount of his claim, specifically set forth. The proceeding to fix and enforce the lien is in its nature a proceeding *in rem ;* and one of the great objects of the law is to furnish to all concerned and interested in the property, record notice of the extent of the claim and the intention to enforce a specific lien therefor. The claim in this case was made out against the party who was owner of the property at the time the right to assert the claim accrued; and looking to the object of the law, this would seem to be a substantial compliance with its provisions in this respect.

2. The second ground of supposed error is clearly untenable. An electric passenger elevator, placed in a building for use, becomes a fixture of the building, and would seem to be fairly and fully within the definition of either an engine or a machine. The word engine is defined, according to lexicographers, as any ingenious or skillful contrivance used to effect a purpose, and is often used as synonymous with the

term machine. The latter term is of larger definition, but one of the most commonly accepted definitions of that term is, any mechanical contrivance, as the wooden horse with which the Greeks entered Troy; a coach; a bicycle, &c. See Webster's Dict., Worcester's Dict. Indeed, the definition of the noun elevator is that of a mechanical contrivance; a cage or platform and the hoisting machinery in a hotel, warehouse, mine, &c., for conveying persons, goods, &c., to or from different floors or levels. An electric passenger elevator is certainly a mechanical contrivance, and is both an engine and machine; and whether its motive power be electricity, water or steam, can make no difference in the contemplation of the statute.

3. The third and last supposed error assigned, we think, is equally without substantial foundation. Shreeve was not a necessary party, and no process or judgment was prayed against him. It does not appear that he was at all interested in the premises. It is not shown that he was bound by covenant in his deed against incumbrances, or that he would be affected in any manner by the judgment that was prayed for by the claimant, and as no judgment was sought against him, it was quite needless to make him a party to the suit. This is clearly indicated by the provisions of the statute.

Section 5 of the act of Congress of 1884, Ch. 143, provides that the proceedings to enforce the lien shall be by bill in equity; and that all persons who are interested in the premises, so far as they are known, shall be made parties complainants or defendants; and if sale be decreed of the premises, and the proceeds thereof are insufficient to pay all liens under the act, the balance of such liens " shall stand as a judgment against the party *who incurred the debt, if he be made or become a party to the suit, but not otherwise.*" It is, however, provided by Section 7, that " no final adjudication shall be had until all persons who shall become interested in the building subject to such lien under the provisions of this act, shall have an opportunity to be heard in said suit, provided such interest was vested at the time said

suit was brought, or be acquired within three months thereafter, and such person shall intervene in said suit within said term of three months."

But in this case, as we have seen, no process or judgment was prayed for as against Shreeve, and he did not seek so to intervene upon the ground of interest in the premises, nor upon any other ground; and there is no interest apparent that would make it necessary that the claimant should make him a party to the proceeding. The judgment appealed from, however, is not one *in rem*, but strictly *in personam*, under Section 11 of the act of 1884. By that section of the act it is provided "that in all proceedings under this act the defendant may file a written undertaking, with two or more sureties, to be approved by the court, to the effect that he and they will pay the judgment that may be recovered, and costs, which judgment shall be rendered against all persons so undertaking, *and thereby release his property from the lien hereby created.*" And it is further provided, that "if such undertaking be approved before the filing of the bill in equity to enforce the lien, the said sureties shall be made parties thereto; and if after the filing of said bill, said sureties, upon the approval of said undertaking, shall *ipso facto* become parties thereto; and, in either case, the decree of the court shall run against them as well as the principal in such undertaking." Here, before the filing of the bill, Lefler, as the owner and principal, together with Ross, Moulton and Bond as sureties, entered into the undertaking, and they were all made parties; and it was against them, in respect to their personal undertaking, that the decree was entered. We find no error in that decree, and it must therefore be

*Affirmed.*